**No. 57157.**—Chas. Romick v. United States, protest 113683–K (Galveston).

OLIVER, Chief Judge: This case is before us on a motion made on behalf of the defendant to dismiss the protest as untimely on the ground that it was filed more than 60 days after liquidation of the entry covered thereby. The pertinent provisions of section 514 of the Tariff Act of 1930 (19 U. S. C. § 1514) read as follows:

* * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable * * * and his liquidation * * * of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation * * * be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction * * * shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector * * *.

It appears from the record that the involved merchandise which consisted of women's leather slippers was imported on May 9, 1944, from Mexico. The entry was liquidated on June 30, 1944, as indicated by warehouse entry 233–D covering this importation. A protest was filed with the collector of customs at Dallas, Tex., on October 23, 1944, 115 days after liquidation of the entry herein.

The basis of the importer's claim as to the timeliness of the protest under consideration apparently is predicated upon the fact that under date of July 25, 1944, the importer addressed a communication to the "Treasury Department, United

States Customs Service, Washington, D. C.," a copy of which is found among the papers herein, reciting that the action of the collector in imposing additional duties upon this merchandise was erroneous and requesting that such action be rescinded and the importer be relieved of the payment of such duties. At such time, no protest had as yet been filed with the collector. Subsequently, the Bureau of Customs, in a letter dated September 21, 1944, a copy of which was transmitted to the importer, advised the collector that it was of the opinion that the merchandise in question was not classifiable under the concession made pursuant to the Mexican Trade Agreement (T. D. 50797) covering slippers (for housewear) (paragraph 1530 (e), Tariff Act of 1930), at the rate of 10 per centum ad valorem, as claimed, but was dutiable as women's leather footwear, not specially provided for, at 20 per centum ad valorem under said paragraph, as originally enacted, as assessed.

The importer maintains that the 60 days for filing a protest herein did not start to run until the decision of the Treasury Department upon the application of the importer, above referred to. Specifically, it asks this court to construe this application made on July 25, 1944, to the Bureau of Customs as a protest and that the formal protest to the collector made on October 23, 1944, be considered as an amendment thereto.

Plaintiff's contention cannot be given favorable consideration. His letter of July 25, 1944, hereinabove referred to, is not a compliance with statutory requirements for filing a protest. Under the provisions of section 514 of the Tariff Act of 1930, the decision of the collector is final upon the expiration of 60 days after the date of liquidation unless the importer "shall, within sixty days after, but not before such liquidation * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto." The only paper before us that is a protest in writing against the decision of the collector is the document that was filed with the United States Customs Service at Dallas, Tex., on October 23, 1944, which was more than 60 days after the date of liquidation of the entry in question, and therefore untimely.

Defendant's motion to dismiss is granted and judgment will be rendered accordingly.